```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION
```

SHAWN LENARD YOUNG,            :

    Petitioner,              :

v.                             :
                              CIVIL ACTION 05-0235-CB-M
GRANT CULLIVER,                :

    Respondent.              :

## REPORT AND RECOMMENDATION

This is an action under 28 U.S.C. § 2254 by an Alabama inmate which was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases.  This action is now ready for consideration.  The state record is adequate to determine Petitioner's claims; no federal evidentiary hearing is required.  It is recommended that the habeas petition be denied, that this action be dismissed, and that judgment be entered in favor of Respondent Grant Culliver and against Petitioner Shawn Lenard Young on all claims.

Petitioner was convicted of murder in the Circuit Court of Mobile County; on April 18, 2002, Young received a sentence of life in the state penitentiary (Doc. 1, pp. 2-3; Doc. 17, Exhibit A [Supplemental Volume], R. 3-30).  Appeal was made to the Alabama Court of Criminal Appeals which affirmed the

conviction and sentence in a written decision (Doc. 16, Exhibit D).  On November 12, 2002, following the denial of Young's petition for a rehearing (Doc. 16, Exhibits E, F), the Alabama Court of Criminal Appeals entered a certificate of judgment (Doc. 16, Exhibit G).

On October 7, 2003, Petitioner filed a State Rule 32 petition, raising claims of ineffective assistance of trial and appellate counsel (Doc. 17, Exhibit H, pp. 20-37; *see* Doc. 16, Exhibit I, p. 7); after an evidentiary hearing, the petition was denied (Doc. 17, Exhibit H, R. 92-93 and pp. 74-76).  The Alabama Court of Criminal Appeals affirmed that denial in a written opinion (Doc. 16, Exhibit K).  Young's application for rehearing was denied (Doc. 16, Exhibits L, M) and a certificate of judgment was entered, by the Alabama Court of Criminal Appeals, on March 2, 2005 (Doc. 16, Exhibit N).

Petitioner filed a complaint with this Court on April 18, 2005, raising claims of ineffective assistance of both trial and appellate counsel (Doc. 1 Supplement; Doc. 13, pp. 1-3).  Respondent has answered the complaint, claiming that all claims raised herein are procedurally defaulted as Young failed to raise them before the Alabama Supreme Court (Doc. 13, p. 6).

The Court notes that Petitioner admits that he did not file for a petition of *certiorari* in the Alabama Supreme Court (Doc. 15, p. 2).  Alabama law clearly provided Petitioner the opportunity to seek review of a Rule 32 petition dismissal by the Alabama Court of Criminal Appeals after that court has denied a motion for rehearing.  Ala.R.App.P. 39(a); *see also, e.g., Ex parte Powell*, 674 So.2d 1258 (Ala. 1995) (Alabama Supreme Court granted *certiorari* to review Alabama Court of Criminal Appeals's determination that appellant's Rule 32 petition was untimely filed); *see also, e.g., Hightower v. State*, 410 So.2d 442, 444 (Ala. Crim. App. 1981) (Following the denial of a motion for rehearing by the Alabama Court of Criminal Appeals, the "only legal and proper remedy was through petition for writ of certiorari in the Supreme Court of Alabama").  Furthermore, the fourteen-day time period in which Petitioner could have pursued this avenue of relief has passed (*see* Doc. 13, p. 6).  *See* Ala.R.App.P. 39(c).  Because Petitioner did not pursue this claim in a timely fashion before the Alabama Supreme Court, it is procedurally defaulted under *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999) ("[W]e conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established

appellate review process"). It is evident—and Petitioner admits—that the claims raised in this Court are procedurally defaulted.

However, where the state courts have found claims of a petitioner to be procedurally defaulted and those courts have refused to address the merits of those claims, as is the case here, all chance of federal review is not precluded. The Eleventh Circuit Court of Appeals, in addressing the review of these claims, has stated the following:

> Under *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977) and its progeny, noncompliance with a state procedural rule generally precludes federal habeas corpus review of all claims as to which noncompliance with the procedural rule is an adequate ground under state law to deny review. If a petitioner can demonstrate both cause for his noncompliance and actual prejudice resulting therefrom, however, a federal court can review his claims.

*Booker v. Wainwright*, 764 F.2d 1371, 1376 (11th Cir.) (citations omitted), *cert. denied*, 474 U.S. 975 (1985). A claimant can also avoid the procedural default bar if it can be shown that a failure to consider the claims will result in a fundamental miscarriage of justice. *Engle v. Isaac*, 456 U.S. 107, 135 (1982); *see also Murray v. Carrier*, 477 U.S. 478, 496 (1986).

Petitioner has stated, as cause for failing to exhaust these claims in the Alabama Supreme Court, that he did not receive notice of the ruling by the Alabama Court of Criminal Appeals that his petition for rehearing had been denied. Additionally, Young states that his attorney did not inform him of the denial.  The Court notes that there is no constitutional right to counsel on collateral review of a conviction, *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987), so there is no right to effective assistance of counsel on collateral review, *Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982), and such ineffective assistance does not excuse procedural default.  *Toles v. Jones*, 888 F.2d 95, 99-100 (11th Cir. 1989), *cert. denied*, 506 U.S. 834 (1992); *Coleman v. Thompson*, 501 U.S. 722, 752 (1991).

In this action, Petitioner has demonstrated neither cause nor prejudice for failing to raise these claims in a timely manner in the State courts.  Furthermore, Young has not shown that this Court's failure to discuss the merit of these two claims will result in a fundamental miscarriage of justice being visited upon him.  Therefore, the Court considers the only two claims raised in this Court to be procedurally defaulted and the Court will not address their merit. Therefore, it is recommended that the habeas petition be denied, that this action be dismissed, and that judgment be entered in favor of Respondent Grant Culliver and against

Petitioner Shawn Lenard Young on all claims.


MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.   **<u>Objection</u>**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a <u>de</u> <u>novo</u> determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  <u>See</u> 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(<u>en</u> <u>banc</u>).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed <u>de</u> <u>novo</u> and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

> A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or

6

judgment can be appealed.

2.      **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

    DONE this 15th day of September, 2005.


                                        s/BERT W. MILLING, JR.
                                        UNITED STATES MAGISTRATE JUDGE